**IMPERIAL CHEMICALS INDUSTRIES, PLC, Plaintiff,**

v.

**BARR LABORATORIES, INC., Defendant.**

**No. 87 Civ 7833 (VLB).**

United States District Court, S.D. New York.

June 22, 1989.

---

**2.** This court takes no position at this time with respect to David's standing to bring this motion.

James F. Rittinger, Satterlee Stephens Burke & Burke, New York City, Lawrence A. Hymo, Cushman, Darby & Cushman, Washington, D.C., for plaintiff.

Mark Waddell, Cohen, Pontani & Lieberman, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

BARBARA A. LEE, United States Magistrate.

This is an action for patent infringement, referred for pretrial supervision by the Hon. Vincent L. Broderick, U.S.D.J., by Order of Reference entered March 2, 1988. Presently before me are (1) plaintiff's motion pursuant to Rule 26(c), Fed.R.Civ.P., for a protective order with respect to notices of deposition of seven named persons;

(2) defendant's motion pursuant to Rule 37, Fed.R.Civ.P., for an order compelling plaintiff to produce the named persons for deposition; and (3) plaintiff's motion pursuant to Rule 26(c) for an order vacating a notice of deposition calling upon plaintiff to produce a witness to authenticate documents. For the reasons hereinafter stated, plaintiff's motions are granted; defendant's motion is denied; and plaintiff is awarded its costs and expenses, including reasonable attorneys' fees, on all three motions.

## BACKGROUND

Plaintiff Imperial Chemical Industries, PLC ("ICI") is a British corporation, the holder of a United States patent covering Tamoxifen, a drug used in the treatment of breast cancer. Defendant Barr Laboratories, Inc. ("Barr"), a New York corporation, filed an "abbreviated new drug application" with the Food and Drug Administration ("FDA") pursuant to 21 U.S.C. § 355(j) (Supp.1987), seeking approval of the marketing of a drug covered by plaintiff's patent and certifying the claimed invalidity of plaintiff's patent. Plaintiff commenced this action on November 2, 1987, alleging that defendant's filing with the FDA infringed its patent, thereby staying the effective date of FDA approval of defendant's application to market its generic drug for 30 months "or such shorter or longer period as the court may order because either party to the action failed to reasonably cooperate in expediting the action" unless the validity or invalidity of the patent is judicially determined sooner, § 355(j)(4)(B)(iii). Defendant counterclaimed for declaratory judgment that the patent is invalid.

Discovery disputes arose almost immediately, and following the reference for supervision of discovery, five pretrial conferences were held before me between March 30 and December 21, 1988. While a number of discovery disputes were resolved at those conferences, counsel were consistently unable to make effective use of the conference procedures required by local Civil Rule 3(f) to narrow their disputes or identify the specific issues requiring judicial intervention.

Still outstanding at the time of the fourth pretrial conference, on December 12 1988, was a dispute arising out of plaintiff's interrogatories served in July, 1988, relating to the subject matter of defendant's Amended Answer. Plaintiff contended that responses to those interrogatories were necessary to an understanding of the grounds on which defendant asserts the patent to be invalid, and therefore to both the selection of plaintiff's experts and consultation with them in preparation for trial. Following extensive discussion of the timing and methods of expert discovery, I ruled that although some of defendant's objections to plaintiff's interrogatories were well taken, plaintiff was nevertheless entitled to responses to properly limited interrogatories or equivalent notice of the subject matter of the depositions of its potential experts, before it was required to respond to defendant's request for expert discovery. Those and other rulings at the December 12 conference were reflected in an order entered December 27, 1989, which provided in pertinent part:

4. Counsel will confer prior to the close of business on December 19, 1988 to decide which of plaintiff's outstanding interrogatories defendant will answer and the dates by which they will be answered. If the parties cannot agree on these points, plaintiff's counsel will notify Magistrate Barbara A. Lee of this fact on December 20, 1988 so that they can be resolved at the status conference scheduled December 21, 1988.

\* \* \* \* \* \*

6. The scheduling of depositions of plaintiff's experts will afford plaintiff a reasonable opportunity to confer with its experts and formulate opinions prior to such depositions by, either a) defendant responding to plaintiff's outstanding interrogatories which interrogatories are referred to in Paragraph No. 4, herein, or b) identifying in the notice of deposition the subject matter or matters to be covered by said deposition. Counsel will confer prior to the close of business on December 19, 1988 to determine the

schedule. If the parties cannot agree, plaintiff's counsel will notify Magistrate Barbara A. Lee on December 20, 1988 so that this matter can be settled at the status conference scheduled for December 21, 1988.

7. In the event that defendant insists that plaintiff's experts attend depositions in New York, defendant will pay air fare (business class) and lodging costs for the experts.

The same order also provided for additional interrogatories by ICI to Barr pursuant to Rule 26(b)(4), relating to Barr's experts (¶ 3).

At the December 21 conference, counsel represented that they had agreed on a schedule pursuant to which Barr would answer ICI's interrogatories by late January, and Barr would then depose ICI's experts, on a schedule to be agreed upon by counsel, during March. I accordingly set a deadline of May 1, 1989, for completion of all discovery, including expert discovery. Barr also indicated that it planned to take the depositions of the two living inventors of the patent, but that it foresaw no difficulty in completing those depositions prior to the May 1 deadline. That deadline was subsequently reflected in an order entered January 25, 1989, which provided that any request for extension must be for good cause shown in writing by April 17.

As of April 8, 1989, Barr had still not responded to ICI's interrogatories, revised

after conference, but did on that date serve its responses to ICI's expert interrogatories propounded pursuant to the December 27 order. Meanwhile counsel do not appear to have had meaningful discussion of a deposition schedule for plaintiff's experts until late March. On March 29, plaintiff's attorney submitted a letter request for a discovery conference pursuant to Rule 26(f), Fed.R.Civ.P., by virtue of counsel's inability to agree on a deposition schedule. The request was withdrawn the next day, when agreement was apparently reached. The agreement, however, called for depositions extending substantially beyond the May 1 discovery deadline. A stipulation extending the discovery deadline to June 30 was accordingly submitted to be "so ordered." Because the stipulation was not supported by any meaningful statement of the reasons the 60–day extension was requested, I approved an extension of only 30 days, to May 31, 1989, by order entered April 24, 1989.

Meanwhile on April 21, while the joint application for a 60–day extension of discovery was still pending before me, Barr served the first two of the three notices of deposition here at issue.[1] Thereafter, on April 24, it served its responses to ICI's interrogatories.[2]

The first notice of deposition called for the depositions of six persons whom ICI had previously identified as potential ex-

---

1. The affidavits submitted on these motions are in sharp conflict concerning the dates on which Barr served its notices of the depositions of plaintiff's experts and Dr. Richardson. ICI's motion for a protective order does not include copies of the notices, but the moving affidavit states that plaintiff's attorney received both notices on April 26, 1989. Copies of the notices are included in Barr's papers in opposition (and in support of its cross-motion); both are dated April 21 and the certificates of service signed by Barr's attorney state that they were served by hand on ICI's local counsel and by telefax on counsel in Washington, D.C., on the same date. If plaintiff's attorney is correct, the notices were served immediately after entry of the April 24 order extending the discovery deadline to May 31, and unilaterally set new (and obviously arbitrary) dates for the simultaneous appearance of plaintiff's experts before that date, without complying with either of the alternative requirements set by paragraph 6 of the December 27

order. If, on the other hand, the certificates of service are correct, the notices were served before the entry of the April 24 order, and violated not only the December 27 order but the agreement underlying the stipulation that had been submitted for my approval. Since in either event the notices were improperly served, I have assumed for purposes of these motions that the certificates of service are correct. If plaintiff disputes this, evidence to the contrary will be admissible at the hearing on sanctions, as probative of defendant's good faith.

2. This date is also in dispute. The certificate of service states that the responses were served on that date (a Monday), by first class mail and by Federal Express on Washington counsel. ICI's Washington counsel, however, states in his moving affidavit in opposition to defendant's motion that he did not receive the responses until April 28 (the following Friday).

pert witnesses at trial. Three of the individuals named are employees of plaintiff and three are independent experts; four of the six reside in England, one in Delaware and one in Michigan. All depositions were noticed for the same date, May 15, 1989, in New York. The second notice called for the deposition of Dora Nellie Richardson (an employee of plaintiff, based in England and one of the inventors of the patent in suit) in New York on May 30. ICI moved for a protective order with respect to all seven depositions, and Barr cross-moved to compel. Thereafter, on May 19, Barr served an additional notice of deposition by facsimile transmission to ICI's attorneys in New York and Washington. It called for the deposition in Wilmington, Delaware, commencing on May 24 "immediately following" a deposition previously scheduled for that date, of a person designated by ICI "most able to authenticate the copies of documents" produced by ICI and listed in an attachment to the notice. ICI's second motion for a protective order, seeking *vacatur* of that notice, was served on May 23. A few days thereafter (the precise date is not stated in the papers submitted on this motion), defendant "withdrew" the notice of deposition and served an interrogatory regarding the authenticity of the documents.

## DISCUSSION

I. *Plaintiff's Motions for Protective Orders.*

A. Depositions of Plaintiff's Experts and Dr. Richardson

■ Some inconvenience is inevitable in litigation and independent expert witnesses who are being compensated should, within reasonable limits, be able to accommodate their schedules to the requirements of the litigation or decline the engagement. The same principle applies with even greater force to witnesses who are employees of a party. Even such witnesses, however, are entitled to the minimal courtesy of consultation concerning deposition dates convenient to them, particularly where trans-Atlantic travel is involved.

The procedure followed by defendant here transcended all bounds of reasonableness, calling for the simultaneous appearance in New York of six experts from widely scattered parts of the globe on the same arbitrarily chosen date. There can be no serious suggestion that defendant intended to complete the depositions of all six witnesses on a single day. Both the timing and the content of the notice of deposition therefore suggest that it was nothing more than an expedient to force plaintiff to agree to a schedule dictated by defendant. In the circumstances, plaintiff is entitled to the protective order requested.

■ As a general rule, it is preferable that cases be decided on their merits, not by denying parties access to relevant evidence as a penalty for procedural irregularities. Violations of the discovery rules by counsel are in turn better handled by appropriate sanctions against the attorney. In keeping with that principle, discovery will be reopened for the limited purpose of completing the specific discovery at issue on these motions. Sanctions are discussed in Part III, below.

The record before me is insufficient to permit entry of an order specifying the dates and places for the depositions of plaintiff's experts and Dr. Richardson. Rather, counsel have submitted affidavits reciting in exhaustive detail the "positions" staked out by each side in their lengthy and increasingly acrimonious discussions, but failing to supply adequate information on the essential facts necessary to the framing of an order, namely when and where the witnesses and all counsel can reasonably be available.

As to the timing of the depositions, it appears that one of the key issues that prevented agreement was a continuing dispute between counsel over whether ICI was entitled to the period of time directed by the December 27 order for consultation with its experts following Barr's belated responses to ICI's interrogatories. That issue is now moot, since ICI has had almost two months to analyze the responses that were eventually served, and does not appear to contest their sufficiency for the

purpose of identifying the subject matter of the deposition testimony of plaintiff's expert witnesses. While Barr's tactic of serving its responses too close to the deposition dates for meaningful consultation remains relevant to the issue of sanctions, it should have no further bearing on the selection of deposition dates.

■ The other major area of dispute seems to be the location of the depositions. While the general rule is that a plaintiff must appear for deposition in the forum he has selected, *see generally* 8 C. Wright & A. Miller, Federal Practice & Procedure § 2112 (1970), the rationale of that rule has little force in a case arising under 21 U.S.C. § 355(j), where the choice of forum is effectively dictated by the defendant. In the circumstances of this case, the broad discretion conferred on the court by subdivision (c) of Rule 26 to condition discovery on "such terms as are just" warrants a direction that the depositions of plaintiff's experts and Dr. Richardson be held where they reside or are employed, and I will so direct if the parties are unable to agree on a more convenient venue. Defendant must give plaintiff's experts (employees and non-employees), as well as Dr. Richardson, a reasonable opportunity to participate in the selection of dates and places for their depositions that will not disproportionately interfere with their professional obligations and activities.

### B. Deposition of Plaintiff for the Purpose of Authenticating Documents

■ Rule 26(b), Fed.R.Civ.P., as amended in 1980, expressly authorizes the court to limit the frequency or extent of use of the various discovery methods if it determines that "the discovery sought is ... obtainable from some other source that is more convenient, less burdensome, or less expensive." Barr's May 19 notice of deposition is precisely the kind of discovery request to which that amendment was directed. There is no indication in the record that the authenticity of any of the documents listed is genuinely in dispute; the nature of many of them (annual reports and the like) strongly suggests the contrary. In these circumstances, defendant's demand that ICI produce a witness in Delaware for a deposition—the most expensive method of discovery available—was unreasonable.

This motion is not mooted by Barr's subsequent "withdrawal" of the notice. That very tactic may support an inference that the notice was served in bad faith. *See Apex Oil Co. v. Belcher Co. of New York, Inc.,* 855 F.2d 1009, 1019–20 (2d Cir.1988).

■ Barr also argues that this motion should not be entertained because ICI failed to comply with the conference requirements of local Civil Rule 3(f) before serving it. The affidavit of plaintiff's attorney submitted in support of the motion establishes that counsel attempted to comply with the local Rule. Given the exigencies of time (the motion was served on the day before the return day of the deposition) and the location of adverse counsel in different cities, that compliance was sufficient.

### II. Defendant's Cross–Motion to Compel Discovery

Defendant's motion to compel is essentially the mirror image of plaintiff's motion for a protective order with respect to the first two notices, and is accordingly denied for the reasons discussed in Part I, above.

### III. Sanctions

The notices of deposition to which plaintiff's motions are directed are subject to the requirements of Rule 26(g), Fed.R. Civ.P., which provides in pertinent part:

The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection, and that to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law; or a good faith argument for the extension, modification, or reversal of existing law: (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly

burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

If a discovery request is signed in violation of Rule 26(g) the court is required, "upon motion or upon its own initiative," to impose "an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee."

Authority for sanctions with respect to defendant's cross-motion is found in Rule 37(a)(4), Fed.R.Civ.P., second paragraph, which provides:

> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

Sanctions imposed pursuant to Rule 26(g) or Rule 37(a) may be imposed upon either the attorney or the party or both; and no finding of subjective bad faith is required. *See generally* Advisory Committee Note to 1980 Amendments to the Discovery Rules, 97 F.R.D. 165, 218–220. Where bad faith on the part of an attorney is shown, 28 U.S.C. § 1927 (1982) provides independent authority for sanctions, specifying that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The applicability of § 1927 to motions generated by abusive discovery practices has recently been upheld by the Second Circuit in *Apex Oil Co.*, 855 F.2d at 1019.

The record before me amply supports a finding that all three notices of deposition at issue on these motions violated Rule 26(g) and that there was no sub-stantial justification for defendant's cross-motion to compel the depositions. By virtue of the service of the first two notices of deposition in violation of my December 27 order (and, if the April 21 date is correct, in direct contravention of an agreed schedule which was the subject of a joint application then pending before me), as well as the provision calling for the simultaneous depositions of six expert witnesses at the same time and place, I find that the April 21 notices were "interposed ... to harass or to cause unnecessary delay or needless increase in the cost of litigation" in violation of Rule 26(g). The third notice of deposition, specifying on unreasonably short notice the most expensive method of discovery for matters not shown to be in dispute in this action, violated the third clause of Rule 26(g).

Absent any proof that the abusive discovery tactics employed by defendant's attorneys were expressly directed by their client, the sanctions imposed pursuant to Rules 26(g) and 37(a)(4) should be borne by the attorneys and not passed on to the defendant. The attorneys are, however, entitled to a hearing on that issue, as well as on whether "other circumstances make an award of expenses unjust" on the Rule 37 motion and any factors they believe bear on the nature and amount of such sanctions.

The record on these motions also raises the question whether sanctions should be imposed on any of Barr's attorneys pursuant to 28 U.S.C. § 1927. Specifically, bad faith may be inferred (in the absence of adequate explanation) from the positions taken by Barr on these motions with respect to (1) its violation of my December 27 order and (2) the applicability of the Drug Price Competition and Patent Term Restoration Act to these motions.

As noted above, Barr violated ¶ 6 of my December 27 order by noticing the depositions of plaintiff's experts without either responding to plaintiff's interrogatories or "identifying in the notice of deposition the subject matter or matters to be covered by said deposition." When ICI moved for a protective order in part on that ground,

Barr offered no excuse for the violation of a court order. Instead, Barr's affidavits and exhibits repeat in exhaustive detail its previous arguments that ICI has "long been aware of" of the grounds of Barr's defense that the patent is invalid—the very arguments that were rejected by the entry of the December 27 order.

Barr's representations concerning the need for "expedited" treatment of these motions were made in letters and attempted ex parte telephone calls to chambers, urging that Barr's motion to compel be decided out of turn. In one of several such communications, counsel argues in a letter that the applicable statute *"requires* that any litigation under the Act be expedited" and that "[s]uch expedited handling of the litigation is *mandated* by the Act in view of the statutory thirty month *de facto* injunction" on applicants for approval of generic versions of patented drugs. (Letter of Mark E. Waddell dated May 31, 1989, emphasis added.) The statute imposes no such "requirement" or "mandate" on the court; on the contrary, it imposes serious obligations on the *parties* to expedite the litigation, and expressly authorizes the court to shorten or lengthen the 30-month period if warranted by the conduct of the parties, 21 U.S.C. § 355(j)(4)(B)(iii) (Supp. 1987). Thus it is defendant, not plaintiff, which has an incentive to delay the completion of discovery in this action. If the action is still pending after the expiration of 30 months, defendant's right to market its generic drug may become effective unless plaintiff moves for and the court enters a preliminary injunction "prohibiting the applicant from engaging in the commercial manufacture or sale of the drug until the court decides the issues of patent validity and infringement." 21 U.S.C. § 355(j)(4)(B)(iii)(III).

I make no finding of bad faith at this stage, since the record is insufficient for that purpose and defendant's attorneys are entitled to a hearing. However, any papers filed by the parties pursuant to ordering paragraph 7, below, should address these issues, including the applicability of Rule 11 to letters.

By reason of the foregoing it is hereby ORDERED:

1. Plaintiff's motion for a protective order with respect to the depositions of Dr. Michael Dukes, Dr. John Patterson, Dr. Barry Furr, Dr. Martin Adelman, Dr. John Hayward, Dr. Charles Reese and Dr. Dora Nellie Richardson pursuant to notices of deposition dated April 21, 1989, is granted.

2. Promptly upon receipt of a copy of this Order and in no event later than June 30, 1989, counsel are to confer in person and set a schedule for the depositions of Dr. Richardson and plaintiff's expert witnesses. All such depositions are to be completed no later than August 31, 1989. The dates, times, places and other material conditions of each such deposition shall be reflected in a written stipulation, which shall be submitted to be "so ordered" no later than July 31, 1989. If counsel are not able to reach agreement upon the terms of a written stipulation, the date, time, place and other material conditions will be fixed by the court at the pretrial conference pursuant to paragraph 5, below. If agreement can be reached as to some depositions but not others, the stipulation shall reflect the matters on which agreement has been reached and the remaining disputes will be resolved by the court.

3. Defendant's notice of deposition to plaintiff dated May 19, 1989 is vacated. Counsel are required to confer in person no later than June 30, 1989, to determine whether the authenticity of any of the documents listed is actually in dispute. If any disputes thus identified have not been resolved by July 10, 1989, defendant may move on that date for leave to take such limited additional discovery as may be necessary to establish the authenticity of the documents. Any such motion shall describe with particularity the additional discovery proposed and the reasons it is needed.

4. Letters or telephone conferences shall not be deemed compliance with the conference requirements of paragraphs 2 and 3. Copies of any letters exchanged by counsel are not to be filed with the court; nor will "agreement" be deemed to have

been reached pursuant to paragraph 2 unless reflected in a written stipulation submitted to be "so ordered."

5. A further pretrial conference will be held in Room 121, United States Courthouse on Tuesday, August 15, 1989, at 2:15 p.m. Counsel are directed to arrange with the Southern District Court Reporters for the transcription of the conference and furnishing of a copy of the transcript to the court, the cost of which shall be shared equally by the parties.

6. The dates specified in the preceding paragraphs do not extend the deadline for the completion of other discovery in this case, previously fixed at May 31, 1989. Discovery is deemed complete except for the specific additional matters authorized by this Order.

7. Plaintiff may file proof of its expenses on these motions, including reasonable attorneys' fees, by July 10, 1989. No award of attorneys' fees will be made unless documented in accordance with the requirements of *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir.1983). Defendant may file opposing papers, including, if it so elects, a written request for a hearing (specifying the disputed issues of fact to be heard) by July 31, 1989.

8. The filing of objections to any portion of this order shall not stay the time periods specified in paragraphs 1–6 unless the objecting party moves for a stay pending determination of the objections. Any such motion shall state with particularity how the moving party is prejudiced by compliance with the deadlines set in those paragraphs.

9. Applications for relief with respect to any matter other than the informal resolution of new discovery disputes pursuant to local Civil Rule 3(*1*) shall be made by motion on notice, supported by affidavits on personal knowledge, and filed with the Clerk of Court. Letters relating to pending motions will not be considered. Telephone calls are not to be made to chambers for any reason whatsoever unless counsel for both parties are on the line.

The foregoing determination is made pursuant to 28 U.S.C. § 636(b)(1)(A). Any party may object to this determination by filing written objections in accordance with the procedure specified in Fed.R.Civ.P. 72(a) and Rule 7 of the local Rules for Proceedings before Magistrates.