**James F. REIDY, Plaintiff,**

v.

**Marvin T. RUNYON, Postmaster General, United States Postal Service, Defendants.**

**No. CV 95–0578 (ADS).**

United States District Court,
E.D. New York.

Jan. 3, 1997.

Richard M. Bronstein, Central Islip, NY, for plaintiff.

Zachary W. Carter, United States Attorney by Gwen Pollak, Assistant United States Attorney, Brooklyn, NY, for defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge:

As this Court recognized in its February 10, 1996 Memorandum of Decision and Order, this lawsuit arises from the employment discrimination claims of the plaintiff, James Reidy ("Reidy" or the "plaintiff"), against his employer, the defendant Postmaster General (the "defendant," the "Post Office" or the "Postal Service"). The plaintiff, a postal clerk, claims that the Post Office discriminated against him on the basis of his disabili-

ty in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 501, as amended, 29 U.S.C. §§ 791 *et seq.,* by failing to allow him to work overtime because of his neck injury while other, more junior employees were given that work. Familiarity with the Court's prior decision as well as the facts underlying this case is presumed.

Presently before the Court is an appeal of an order issued by United States Magistrate Judge E. Thomas Boyle on May 15, 1996, imposing sanctions against the defendant for "failure to adequately respond to requests for interrogatories and documents." The plaintiff did not file any opposing papers.

## I. *Background*

According to the defendant's papers and annexed exhibits, the relevant underlying facts follow. On April 24, 1996, the Post Office served its response to Reidy's first set of interrogatories and request for documents. Believing the defendant's response to be inadequate, the plaintiff moved for sanctions by letter application to Judge Boyle dated April 29, 1996. Both Judge Boyle and this Court refer to the letter application as the "motion" or the "letter application" interchangeably. The letter application stated that "none of the [defendant's] responses to the Document Request make any reference to the particular documents produced" in violation of Fed.R.Civ.P. 34. Further, according to the plaintiff, the responses to the interrogatories were insufficient because "with the exception of response # 2, all of the responses simply make reference to 'documents being produced with these responses' but nowhere in the responses [did] the defendant indicate which documents refer to which interrogatory" in violation of Fed.R.Civ.P. 33(c).

On May 15, 1996, Judge Boyle issued an order directing the Postal Service: (1) "to specify the records produced for each interrogatory request and document request ... by May 31, 1996 or, alternatively, pay to plaintiff the sum of $100.00 *per diem* for each date thereafter that defendant continues to fail to comply;" and (2) "pay to plaintiff the sum of $150.00 as and for reasonable counsel

fees and costs.... pursuant to Rule 37(b) Fed.R.Civ.P."

By letter application dated May 17, 1996, the Post Office moved for reconsideration of the court's May 15, 1996 order. In support of its position, the defendant argued that sanctions were inappropriate because Reidy had violated the requirements of Discovery Standing Order 6(a) for the Eastern District of New York which requires that the parties confer in good faith before seeking judicial resolution of discovery matters. According to the Post Office, the plaintiff never contacted the defendant before moving for sanctions. Further, the Postal Service asserted that the plaintiff violated Local Civil Rule 3(f) which requires that all discovery motions be accompanied by an affidavit certifying that the parties had made a good faith effort to resolve the dispute prior to coming to court. Reidy's attorney failed to file such an affidavit. In addition, defendant asserted that the motion did not contain a return date which would thereby give the Post Office a deadline by which to respond.

By letter dated May 21, 1996, the defendant further advised the Court that the plaintiff's application for sanctions failed to comply with Fed.R.Civ.P. 37(a)(2)(B) which requires a premotion conference and certification by the movant that he has attempted to confer with his adversary before seeking relief from the court. According to the defendant, had the plaintiff made an effort to contact counsel prior to filing his motion, he would have discovered that "she was out of the office for two weeks at a mandatory Department of Justice trial advocacy training seminar in Washington, D.C., and was not aware of his April 29, 1996 letter until her return to the office on May 13, 1996, just two days before Magistrate Boyle issued his order."

On May 30, 1996, Judge Boyle issued an order denying the defendant's motion for reconsideration. In so doing, the court found the defendant's claim that the plaintiff's application was void for lack of a return date to be "devoid of merit." Judge Boyle's individual rules provide five days to file a responsive letter. Also, the court rejected the Post Office's contention that it was denied an op-

portunity to respond to the motion for sanctions because counsel was out of town between April 29 and May 13, 1996, reasoning as follows:

> Government counsel does not deny receipt of the letter motion and was under an obligation to either file a timely response or request an adjournment to respond, if there were circumstances which warranted an adjournment. The court received plaintiff's letter motion (dated April 29, 1996) on May 2, 1996 and delayed the decision to May 15, 1996 to afford the government an opportunity to oppose or seek an adjournment to do so. The government did neither.

Accordingly, Judge Boyle held that the court was precluded from addressing the merits of the defendant's arguments which were inappropriately presented for the first time on a motion to reconsider.

In addition, the Court held that even if it were to reach the merits of the defendant's claims, the plaintiff's motion would nevertheless have been granted because "subsequent proceedings" revealed that any effort to confer with defense counsel prior to filing the motion under either Fed.R.Civ.P. 37(a)(2) or Standing Order 6(a) would have been futile. As defense counsel admits in her prior correspondence with Judge Boyle's chambers, the Post Office apparently would have argued that its discovery responses had fully complied with any obligations imposed pursuant to the Federal or Local Rules. Judge Boyle disagreed and found that the Post Office's responses were not sufficiently specific.

Further, Judge Boyle noted

> the government's failure to adhere to the prior scheduling of the court with respect to the documents at issue. By order dated February 2, 1996 the government was directed to comply with plaintiff's interrogatory demands and document requests by March 22, 1996. The government, ignoring the order of the court, provided information for the first time on April 25, 1996.

Finally, Judge Boyle noted that because of the "exigencies of time," namely the discovery cut-off date set at May 31, 1996, and the "history of non-compliance" with court orders, he would overlook the plaintiff's failure

to "comply with the conference requirement prior to" moving for sanctions and the defendant's motion for reconsideration was denied.

On June 4, 1996, the Post Office appealed the May 15, 1996 order to this Court. As a practical matter, the defendant satisfied the first prong of the May 15, 1996 order without having to make a payment, making review of only the $150 sanction award necessary. This distinction will not affect the Court's analysis.

## II. *Discussion*

### A. *Standard of Review*

Review of a Magistrate Judge Boyle's May 15, 1996 order is governed by Fed.R.Civ.P. 72. Rule 72(a) provides:

> **(a) Nondispositive Matters.** A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter.... The district judge to whom the case is assigned shall consider ... objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (providing for the same deferential standard of review of nondispositive matters).

 Pursuant to Fed.R.Civ.P. 72(a), "[a] magistrate [judge] ... may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990); *see also Popular Imports, Inc. v. Wong's Int'l, Inc.,* 166 F.R.D. 276, 277 (E.D.N.Y.1996) ("Pretrial discovery questions are generally considered nondispositive and are thus reviewed under this 'clearly erroneous' standard"). Because the defendant's appeal of Judge Boyle's May 15, 1996 order addresses a nondispositive discov-

ery issue, the Court will apply this deferential standard of review.

### B. *The defendant's motion*

Initially, the Post Office argues that Judge Boyle's May 15, 1996 order should be reversed because it violates Fed.R.Civ.P. 37(a)(2)(B) and (a)(4)(A), Standing Discovery Order 6(a), and Local Civil Rule 3(f). Fed.R.Civ.P. 37 provides in relevant part:

**(a) Motion For Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

\* \* \* \* \* \*

**(2) Motion.**

(A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

\* \* \* \* \* \*

**(4) Expenses and Sanctions.**

(A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court, shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorneys' fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

The Eastern District of New York's Standing Discovery Order 6(a) provides:

**Premotion Conference.** Prior to seeking judicial resolution of a discovery or procedural dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute.

Civil Rule 3(f) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York states:

No motion [relating to a discovery dispute] shall be heard unless counsel for the moving party files with the court at or prior to the argument an affidavit certifying that said counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court and has been unable to reach such an agreement.

Before addressing the Postal Service's arguments, the Court recognizes the posture of this appeal. The defendant is not appealing Judge Boyle's decision with regard to the motion to reconsider. Rather, the Post Office appeals only the court's May 15, 1996 order, namely the one originally granting the plaintiff's motion.

### 1. *Premotion conference*

Initially, the Post Office argues that Federal Rule 37(a)(4)(A) and Standing Order 6(a) require that the moving party attempt to confer with his or her adversary in "good faith" before seeking judicial intervention in a discovery matter. The defendant contends, without opposition, that because the plaintiff failed to attempt to make any contact before filing his April 29, 1996 letter application, the motion should have been denied.

However, contrary to the Postal Service's position, other courts have recognized that this premotion conference requirement does not always constitute a condition precedent to consideration of the merits of a discovery motion. *See Matsushita Elec. Corp. v. 212 Copiers Corp.*, No. 93 Civ. 3243 (KTD), 1996 WL 87245 at *1 (S.D.N.Y. Feb. 29, 1996) (citing Fed.R.Civ.P. 37(a)(2) and Local Rule

3(f), but noting that failure to consult with nonmovant's counsel prior to filing a discovery motion, although a "more serious" omission, will not operate as a bar to hearing merits of that motion where the goal, namely a compromise between the parties, is unlikely to be met).

Further, the defendant notes that Federal Rule 37(a)(2)(A) and Local Rule 3(f) require that moving counsel certify that he or she has attempted in confer in "good faith" with the nonmoving party in an effort to avoid court intervention before making a motion for sanctions. However, courts have similarly held this rule does not create a prerequisite to addressing the merits of a discovery motion. For example, in *In re NASDAQ Market Makers Antitrust Litigation*, No. 94 Civ. 3996 (RWS), 1996 WL 187409 (S.D.N.Y. Apr. 18, 1996), the court recognized that not all the formalities of Federal Rule 37(a)(2) and Local Rule 3(f) need be followed where the exigencies of time require speedy action, *id.* at *2, citing, *Imperial Chems. Indus., PLC v. Barr Laboratories, Inc.*, 126 F.R.D. 467 (S.D.N.Y.1989) (excusing failure to comply with formal requirements of Rule 3(f) based on the "exigencies of time"), and the goal of discovery to encourage compromise is unlikely to be achieved. *Id.*, citing, *Matsushita*, at *1.

■ In light of these cases, the Court finds that Judge Boyle's decision to grant the plaintiff limited sanctions in the amount of $150 was not clearly erroneous or contrary to law in violations of the Fed.R.Civ.P. 37(a), Standing Order 6(a) or Local Rule 3(f). As noted in the May 30, 1996 order on the defendant's motion for reconsideration, the defendant had already ignored the court's February 2, 1996 order directing the Post Office to comply with the plaintiff's discovery demands by March 22, 1996. The defendant also admitted that if had it initially responded to the plaintiff's motion, its position would have been that it had already complied with its discovery obligations, a conclusion contrary to Judge Boyle's finding. Accordingly, Judge Boyle could have quite logically concluded that denial of the April 29, 1996 letter application would have simply forced the plaintiff to attempt to locate his adversary,

who was out of town for two weeks, only to have defense counsel contest the plaintiff's position, and then cause the parties to wind up back in court litigating the same issue. This process would have added an unnecessary layer of time and expense only to arrive at the same destination. Thus, rigid adherence to the aforementioned discovery rules would be inappropriate and is unnecessary. As a result, the Court finds that Judge Boyle was acting within his authority when he granted the plaintiff's motion.

### 2. *Opportunity to be heard*

■ The defendant's second argument is misplaced. According to the Post Office, Judge Boyle's award of sanctions "violated Rule 37 because he failed to afford the defendant an opportunity to be heard on the sanctions award." As noted in the May 30, 1996 order, under Judge Boyle's individual rules the defendant was entitled to five business days to respond. The Court intentionally delayed rendering a decision until May 15, 1996 in order to give the Post Office sufficient time to file its papers or at least request an adjournment. "The government did neither." Contrary to the defendant's position, a failure to respond to the plaintiff's letter application does not constitute a violation of its rights. Rather, it indicates that the office of the defense counsel is operating under the impression that when one of its attorney's is absent, or leaves the office, the cases assigned to that attorney no longer need to be monitored. The defendant's counsel is under a continuing duty to comply with the rules regardless of any single attorney not being available. Especially in an office with as many attorneys as the Eastern District of New York, there should be contingency plans to cover situations such as this. Although defense counsel maintains that she left the name of another attorney on her voice mail, such a provision is obviously insufficient in light of the motion presently before the Court.

### 3. *The award*

Further, the Court notes the defendant's related argument that "[t]he May 15, 1995 order awarding sanctions is also defective in

that the amount of fees awarded by Magistrate Boyle is completely arbitrary." The Court again disagrees.

■ With reasonable certainty Judge Boyle was of the view that the plaintiff's April 29, 1996 letter, which is approximately one and one-half pages in length and cites several cases, took between forty-five minutes and one hour to compose, and then awarded an appropriate fee. Accordingly, the Court finds that Magistrate Judge Boyle's award of a sanction of $150 is appropriate under the circumstances.

### 4. Motion to reconsider

Finally, the Court notes that "[a]lthough the defendant is not appealing the May 30, 1996 order, which serves only to deny the defendant's request for reconsideration," the Post Office nevertheless addressed the substance of that decision in its appeal. Initially, the Post Office argues that Judge Boyle overlooked the controlling authority discussed above, namely the failure to conduct a premotion conference and related requirements. However, for the reasons already stated, the Court finds that Judge Boyle's decision was proper under the circumstances.

Further, the Postal Service contends that the May 15, 1996 order was based on an "incorrect statement of the facts by the plaintiff's counsel." According to the defendant, contrary to the plaintiff's assertion, "[t]he documents were not produced in an unorganized 'mass.' They were produced as they were kept in the regular course of business." This argument however, presents a factual issue which the Post Office raised for the first time in the context of a motion to reconsider, a manipulation of Local Rule 3(j) that the Court declines to permit. See Heurtey v. Bricmont & Assocs., Inc., 1992 WL 54362 at *2 (S.D.N.Y. Mar. 4, 1992) ("Local Civil Rule 3(j) precludes a party from advancing new facts, issues or arguments not previously presented to the court.... On a motion for reargument, it is improper to present new material because by definition, material not previously presented cannot be 'overlooked' by the Court").

The Post Office also claims that Judge Boyle incorrectly concluded that a premotion conference could be excused on the ground of futility. The defendant attacks this ruling on two bases: (1) that no such futility exception exists, and (2) even if the exception were permitted, it was inappropriately applied here. Again, the Court disagrees.

As stated above, in Matsushita, contrary to the Postal Service's assertion, the district court recognized that the premotion conference may not be necessary where the policy underlying that requirement, namely compromise, will not be achieved. Further, even if the defendant were permitted to raise the factual issue of futility for the first time in a motion to reconsider, Judge Boyle's conclusion was entirely reasonable. In its May 17, 1996 letter, the Post Office admitted that if it had answered the plaintiff's April 29, 1996 letter, it would have argued that its discovery responses were "in compliance with the Federal Rules of Civil Procedure." Accordingly, it was reasonable for Judge Boyle to determine that any effort to compromise would have been a waste of time and resources.

Finally, the defendant attacks Judge Boyle's conclusion that "the history of non-compliance" as well as the "exigencies of time" supported a sanctions award. In this regard, the Magistrate Judge noted that the Post Office had already flouted at least one prior court order and that discovery was set to close on May 31, 1996. The defendant argues that although its discovery responses were ordered to be produced by March 22, 1996, production by April 25, 1996, which was "well before the discovery cut-off date" was sufficient. As a result, the Post Office concludes that Judge Boyle's finding of a "history of non-compliance" was "disturbing." Further, the defendant maintains that the plaintiff has also missed at least one deadline, apparently implying that any non-compliance on its part was either appropriate, or at least excusable.

■ In any event, the defendant is advised that when the Magistrate Judge directs production of discovery by March 22, 1996, that is a firm date. Adjournment of a date set forth in a court order is granted by the Court, not by the defendant's attorney.

Willful disregard of such directions will support an award of sanctions. Similarly, if the plaintiff failed to observe a court ordered deadline, the defendant was and is free to make an appropriate motion for relief.

III. *Conclusion*

Having reviewed all papers submitted relevant to the defendant's appeal of the May 15, 1996 order of United States Magistrate Judge E. Thomas Boyle, and for the reasons set forth above, it is hereby

ORDERED, that the order of United States Magistrate Judge E. Thomas Boyle dated May 15, 1996 is affirmed.

SO ORDERED.